# UNITED STATES BANKRUPTCY COURT

### DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

**IRVIN N. HOYT**
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

August 11, 2005


Lee Ann Pierce,
Chapter 7 Trustee
Post Office Box 524
Brookings, South Dakota  57006

Creighton A. Thurman, Esq.
Counsel for Debtor
Post Office Box 897
Yankton, South Dakota  57078

      Subject:  *In re Joel A. Humpal,*
              Chapter 7, Bankr. No. 05-40048

Dear Trustee and Counsel:

    Before the Court is the Motion to Approve Settlement of Debtor's Non Exempt Personal Property filed by Trustee Lee Ann Pierce. This is a core proceeding under 28 U.S.C. 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). As set forth below, the Motion will be denied.

    *Summary.* Debtor Joel A. Humpal scheduled personal property valued at $48,845.00 in his Chapter 7 case. The scheduled items included household goods and some personal effects. It also included a trailer, four pickups, a car, 26 head of cattle, 66 pigs, 400 bushels of soybeans, some silage and hay, three tractors, some farm equipment, a skid loader, three calf shelters, and tools. Debtor declared exempt under S.D.C.L. § 43-45-4 only the household goods and some hand tools with a stated value of $1,890.00.

    Debtor scheduled only one secured creditor, Security State Bank ("Bank"). Debtor stated the Bank had "Five Secured Loans" for $34,425.83 and that the Bank's collateral was worth $46,655.00. Contrary to the instruction on the schedule, Debtor did not describe the Bank's collateral. Since Debtor did not schedule any real property, the Court presumes some of his personal property secured the Bank's loans.

Re: Joel A. Humpal
August 11, 2005
Page 2


On June 30, 2005, Trustee Lee Ann Pierce filed a Motion to
Approve Settlement of Debtor's Non Exempt Personal Property.
Therein, she proposed that Debtor would pay the estate $6,000.00 to
"resolve any and all issues outstanding as raised by Debtor's non-
exempt personal property." No other information was provided. The
Court directed Trustee Pierce to file a supplement to the motion to
explain what she intended the motion to accomplish.  The Court
stated:

> If you are settling a contested issue, please identify
> that issue, the conflicting figures that you and Debtor
> each claim respectively, and the reason you compromised
> at $6,000.  If you are actually selling non exempt,
> bankruptcy estate property to Debtor, please specifically
> identify that property and [state] how you reached a
> value of $6,000, and why a private sale to Debtor is
> appropriate.

On July 29, 2005, Trustee Pierce filed her supplement.   She
stated:

> The debtor listed $48,545 in personal property, excluding
> clothing, on Schedule B.  The Debtor listed secured debts
> on Schedule D to Security State Bank.  The Trustee
> contacted the bank and received verification that
> $34,704.58 was owed to the bank on the date of filing on
> five separate loans, all of which were cross-
> collateralized. This left the Debtor with $13,841 in
> equity in personal property.[1] The debtor is entitled to
> a personal property exemption of $4,000. This would leave
> him with excess personal property of $9,841. The Debtor
> and the Trustee exchanged settlement offers. The Trustee
> agreed to accept $6,000 after taking into consideration
> the cost of liquidating the assets. If an auction were
> held the auctioneer's fee would be 8% of the proceeds
> plus sales tax; the estimated cost of advertising the
> auction would be approximately $800; the cost of a
> certified public accountant to prepare the tax return for
> the auction would be approximately $400; and the tax

---

[1]   It would be more accurate to state that the bankruptcy
estate, not Debtor, held the equity in the non exempt property.
All of a debtor's property becomes the bankruptcy estate when a
Chapter 7 petition is filed; the debtor may then exempt certain
property from that estate. *Kerwin v. NAH, Inc. (In re Soost)*, 262
B.R. 68, 70-73 (B.A.P. 8th Cir. 2001).

Re: Joel A. Humpal
August 11, 2005
Page 3


consequences of the farm auction are unknown. The Debtor
agreed to pay the $6,000 immediately, which would
expedite finalizing the case. The Trustee, based upon her
experience, determined that it was in the best interest
of the creditors to settle the case for $6,000 subject to
Court approval.

*Discussion.*  No matter how the pleading is captioned or the
proposed relief is described, what Trustee Pierce actually is doing
through her Motion to Approve Settlement of Debtor's Non Exempt
Personal Property is proposing to sell to Debtor, out of the
ordinary course of business, estate property valued at $11,950.42[2]
for $6,000.  The Bank claims a lien interest in the property.
Accordingly, the sale is governed by 11 U.S.C. §§ 363(b) and (f),
Fed.Rs.Bankr.P. 2002(a)(2) and (c)(1) and 6004, and Local Bankr. R.
6004-1.

The paramount goal of a sale of estate property is to obtain
the best price possible for the benefit of unsecured creditors.  *In
re Farmland Industries, Inc.*, 290 B.R. 364, 369 (Bankr. W.D. Mo.
2003).

A sale of estate property outside the ordinary course of
business is in the best interest of the estate and may be
approved if it is for a fair and reasonable price and
[the sale was made] in good faith.

*In re LeBlanc, Inc.*, 299 B.R. 546, 552 (Bankr. N.D. Iowa

---

[2]  There is no record regarding what personal property was
actually secured by the Bank; the Trustee only stated the Bank's
loans were cross collateralized and, as noted above, Debtor's
schedules did not describe the Bank's collateral.  Assuming the
values of the personalty as scheduled by Debtor are accurate, and
assuming household goods and clothing are not secured, the equity
(above the Bank's claim) in non exempt personalty would total at
least $11,950.42.  The sum might be higher if there are additional
items of personal property that are not secured by the Bank. [The
Court also excluded from its calculation the hand tools Debtor
declared exempt, although the tools may have been pledged to the
Bank.  The exempt hand tools would still be subject to the Bank's
lien if the Bank's claim were not satisfied in full through the
disposition of the other collateral and if the lien could not be
avoided under 11 U.S.C. § 522(f).]

Re: Joel A. Humpal
August 11, 2005
Page 4


2003)(citing *In re Apex Oil Co.*, 92 B.R. 847, 866 (Bankr. E.D. Mo. 1988)). Further,

> [a] bankruptcy court has considerable discretion in approving assets sales and is granted ample latitude to strike a balance between fairness, finality, integrity, and maximization of assets.

*American Plant Food Corp. v. United Agri Products, Inc. (In re Farmland Industries, Inc.)*, 289 B.R. 122, 126 (B.A.P. 8th Cir. 2003)(citing *Wintz v. American Freightways, Inc. (In re Wintz Cos.)*, 219 F.3d 807, 812 (8th Cir. 2000), and *Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn, Inc.)*, 107 F.3d 558, 565-66 (8th Cir. 1997)).[3]

Based on the present record, the Court cannot conclude that the proposed sale price is fair and reasonable as an attempt to maximize the bankruptcy estate. A private sale is being made. Consequently, there appears to be little justification for discounting the sale price for costs (auctioneer fees and advertising) that were not incurred. In other words, the Trustee has offered no explanation why Debtor, rather than the bankruptcy estate, should benefit from the cost savings from a private sale, especially where Debtor may be a motivated buyer who wants to keep his farming personalty.[4]

---

[3] Different factors are considered when a contested matter is compromised in the administration of a bankruptcy case. *Nangle v. Surratt-States (In re Nangle)*, 288 B.R. 213, 217 (B.A.P. 8th Cir. 2003)(citing *Lambert v. Flight Transportation Corp., (In re Flight Transportation Corp. Securities Litigation)*, 730 F.2d 1128 (8th Cir. 1984); *In re Gregerson*, 311 B.R. 857, 860 (Bankr. N.D. Iowa 2004)(cites therein). Some of those factors are largely inapplicable here. There is no pending litigation in which the Court would have to weigh the probability of the Trustee's success; no difficulties have been identified that would be encountered in collecting and liquidating the non exempt assets; and there is no litigation pending in which the Court would have to assess its complexity, expense, inconvenience, or delay if it went forward. *Flight Transportation*, 288 B.R. at 217.

[4] Unsecured claims filed to date total $23,415.51. It does not appear that the proposed settlement proceeds will be sufficient to pay all claims and administrative costs in full. If that were

Re: Joel A. Humpal
August 11, 2005
Page 5

> [A] trustee owes no fiduciary obligation to the debtor
> and does not represent the debtor. *In re New Concept
> Housing, Inc.*, 951 F.2d 932, 938 (8th Cir. 1991)(citing
> *In re Bashour*, 124 B.R. 52, 54 (Bankr. N.D. Ohio 1991)).
> The trustee in this case is under no obligation to
> liquidate assets for the benefit of the debtor.   A
> trustee in bankruptcy represents the interests of the
> debtor's *estate* and its *creditors*, not the interests of
> the debtor or the debtor's principals. *Id.*

*Nangle*, 288 B.R. at 219 (emphasis in original).

It is also difficult for the Court to determine whether the
sale price was appropriate when the only evidence in the record of
the value of the property being sold was Debtor's schedules.
Contrary to Local Bankr. R. 6004-1, the property to be sold was not
described and the valuation source, if any (other than Debtor's
schedules) was not set forth in the Trustee's motion or supplement.
When a bankruptcy estate is holding assets of a lesser value, it
would not, of course, be cost effective for a trustee to obtain a
formal appraisal before the property is sold.[5]  Where the estate's
assets are being sold at auction, the auction price will itself be
the market value.  In this case, however, the value of the farming-
related assets is significant, even when the Bank's secured claim
is considered.  Moreover, the assets are being sold back to Debtor,
the only party who has valued them.  Consequently, an appraisal may
be warranted.  *See, e.g., In re Mama's Original Foods, Inc.*, 234
B.R. 500, 503-05 (Bankr. C.D. Cal. 1999).

The present Motion cannot be approved because it also fails to
address the encumbrances on the property.   Since the Trustee's
motion was termed a settlement of non exempt personal property and
since there was no mention of the Bank's encumbrances in the
pleadings, the Bank, Debtor, and the creditors may not have
understood that Trustee Pierce was transferring the property back

---

the situation, a discounted sale price might be justified since any
surplus would be returned to Debtor. *See, e.g., Bank One v. Bever
(In re Bever)*, 300 B.R. 262, 269 (B.A.P. 6th Cir. 2003).

[5]   A formal appraisal is not required for all personalty.
Recognized local markets will provide a trustee with the current
prices for livestock and grains.  The Kelley Blue Book will provide
automobile values.

Re: Joel A. Humpal
August 11, 2005
Page 6


to Debtors with all encumbrances attached.

The Court is unaware of how any tax consequences for the estate can be avoided through this proposed "settlement." As noted above, no matter how the motion is entitled or the relief sought described, the trustee is still selling estate property back to Debtor. If there are any tax consequences associated with the sale, they will have to be paid. Consequently, there is no justification in approving the settlement motion as a tax-saving measure.

Finally, the proposed settlement cannot be approved because it, in effect, allowed Debtor an additional $2,110.00 in exemptions under S.D.C.L. § 43-45-4 that he has not claimed. A debtor is entitled to exempt only what he has listed on Schedule C. Errors on that schedule are the debtor's responsibility to correct through an amendment. The present Motion, absent the requested supplementation, did not clearly state that Debtor was being allowed an additional $2,110.00 in exempt property under § 43-45-4. Moreover, Fed.R.Bankr.P. 4003(b) gives creditors and other parties in interest 30 days to object to an amended exemption. By doing a *de facto* Schedule C amendment through the proposed settlement, which has a shorter notice period, creditors were deprived of their full objection period, assuming they understood what was happening.

The Court is aware that it has previously approved a number of "settlements" by Chapter 7 trustees in this District that actually were sales of estate property back to the debtor. That procedure may be acceptable when limited assets are involved.[6] The better

_____

[6] A motion or complaint for turnover is appropriate when the case trustee needs physical possession of estate property from the debtor or another party before liquidating it. 11 U.S.C. §§ 542 and 543 and Fed.Rs.Bankr.P. 6002 and 7001(1). To the extent the Court may have encouraged the use of turnover motions in a broader context, it was in error. If an exemption is not properly claimed, *i.e.*, the debtor is trying to exempt rental property under the homestead statutes or a single debtor is not entitled to a head of family status, an objection to exemption should be filed. If a trustee determines that a homestead or item of personalty is worth more than the value claimed exempt, the trustee can move to sell the item under 11 U.S.C. § 363(f). Generally, a settlement motion should be reserved for compromises that are reached on an existing contested matter or adversary proceeding.

Re: Joel A. Humpal
August 11, 2005
Page 7


course, however, is for the transaction to be denominated a sale and approved through an appropriate sale motion.  Because of the nature and value of the assets involved in this case, it presented the Court with an opportunity to address the concern.

        In all cases,

        [t]he trustee has discretion in transferring or selling estate property, and liquidating assets of the estate. So long as the trustee acts reasonably, in the best interest of creditors and the estate, and obtains fair value for property under the circumstances of the case, the trustee's choice of disposition will be respected. *See In re Merry Go Round Enterprises, Inc.*, 180 F.3d 149, 162 (4th Cir.1999) (stating that the Chapter 7 trustee requires considerable discretion to administer the liquidation of the estate for the benefit of creditors).

*Nangle*, 288 B.R. at 219.  Here, the Court was unable to determine from the present record whether the Trustee's proposed sale to Debtor was for a fair value under the circumstances presented. Consequently, Trustee Pierce's Motion to Approve Settlement of Debtor's Non Exempt Personal Property will be denied.  If Trustee Pierce wants to sell the property, she can file a motion for sale and notice it for objections under 11 U.S.C. § 363, Fed.Rs.Bankr.P. 2002(c)(1) and 6004, and Local Bankr. R. 6004-1.  If Debtor wants to claim his full exemptions under S.D.C.L. § 43-45-4, he can file an amendment to Schedule C and notice it under Fed.R.Bankr.P. 1009(a) and Local Bankr. R. 1009-3.


I hereby certify that a copy of this document was elec-
tronically transmitted, mailed, hand delivered or faxed
this date to the parties on the attached service list.

AUG 1 1 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By *MN*

INH:sh

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

CC:  case file (docket original; serve parties in interest)

Fite & Pierce Law Office
PO Box 524
Brookings, SD 57006


Bruce J. Gering
Office of the U.S. Trustee
230 S Phillips Ave, Suite 502
Sioux Falls, SD 57104-6321


Joel A. Humpal
41732 301st St
Tyndall, SD 57066-5610


Lee Ann Pierce
Trustee
PO Box 524
Brookings, SD 57006


Creighton A. Thurman
PO Box 897
Yankton, SD 57078